THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00045-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) STEPHEN RAYMOND BARBER, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Petition for Modification or Early Termination of Term of Supervised Release [Doc. 119].

In July 2008, the Defendant Stephen Raymond Barber pled guilty to one count of conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); and one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) (Count Two). In October 2008, the Court sentenced the Defendant to a term of 151 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two, resulting in a total term of 211 months, and a supervised release term of three years. [Doc. 74].

In December 2105, the Court granted the Defendant relief under the 18 U.S.C. § 3582 and Amendment 782 and reduced his sentence to 181 months. [Doc. 118]. The Defendant's term of supervised release was unchanged. [Id.]. The Bureau of Prisons' website indicates that the Defendant was released from custody on August 16, 2021.[1]

Having completed one year of supervision, the Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 119].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. Here, the Court is not satisfied that termination is warranted at this time. Although the Defendant's apparent adjustment to supervision is commendable, the Defendant spent a significant period of time in prison, and

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Aug. 30, 2022).

the Court finds that further supervision is still warranted. Accordingly, the Defendant's request to terminate his term of supervised release is denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Petition for Modification or Early Termination of Term of Supervised Release [Doc. 119] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: August 31, 2022

Martin Reidinger
Chief United States District Judge