THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00045-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEPHEN RAYMOND BARBER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's "Petition for Modification or Early Termination of Term of Supervised Release." [Doc. 123].

In July 2008, the Defendant pled guilty to one count of conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); and one count of using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) (Count Two). In October 2008, the Court sentenced the Defendant to a term of 151 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two, resulting in a

total term of 211 months, and a supervised release term of three years. [Doc. 74].

In December 2105, the Court granted the Defendant relief under the 18 U.S.C. § 3582 and Amendment 782 and reduced his sentence to 181 months. [Doc. 118]. The Defendant's term of supervised release was unchanged. [Id.]. The Defendant was released from custody on August 16, 2021.

This is the Defendant's third request for early termination of supervised release. The Court denied his two previous requests without prejudice. [Docs. 120, 122].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Here, the Defendant's supervising probation officer reports that the Defendant's adjustment to supervision has been adequate. The Defendant has maintained employment and overall appears to be in compliance with the conditions of his release. However, the Defendant still has an outstanding balance for court-appointed counsel fees. Additionally, in August 2023, the Defendant was investigated by local law enforcement due

to allegations of domestic violence. While no charges were filed and no further investigation is pending at this time, the Defendant's contact with law enforcement raises some concern. As the Court has previously noted, the Defendant spent a significant period of time in prison. [Docs. 120, 122]. He was released only a little over two years ago. To ensure his successful reintegration into the community, the Court finds that further supervision is still warranted at this time.

For these reasons, the Court is not satisfied that termination is warranted under the circumstances. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Modification or Early Termination of Term of Supervised Release" [Doc. 123] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**  Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge